

David E. McCraw
Senior Vice President
& Deputy General Counsel

T 212 556 4031
mccraw@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

March 15, 2024

**VIA ECF**

Hon. Vernon S. Broderick
U.S. District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *In re New York Times (U.S. v. Wade)*, 24-mc-45

Dear Judge Broderick:

The New York Times Company ("The Times") respectfully submits this letter to seek an order unsealing the submission made in this action by the Government on or about March 11, 2024 (the "Filing"). Under both the Constitution and federal common law, the Government's submission must be made publicly unless the Government meets the rigorous standards set forth in *Press-Enter. Co. v. Super. Ct. (Press-Enterprise II)*, 478 U.S. 1, 8 (1986) (First Amendment right of access) and *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (common law right of access). We understand that the Filing was the Government's opposition to The Times's motion to unseal records in *U.S. v. Wade*, and therefore access is needed to permit The Times to respond substantively. The Government has taken the position that the Filing can be made confidentially pursuant to the Court's order requesting a Government response (Dkt. No. 3).

The public's right of access to judicial records and proceedings is well-settled, based in our longstanding national commitment to democratic governance. "The notion that the public should have access

1

to the proceedings and documents of courts is integral to our system of government." *United States v. Erie County*, 763 F.3d 235, 238-39 (2d Cir. 2014). "[P]ublic monitoring of the judicial system fosters important values of 'quality, honesty, and respect for our legal system.'" *Siedle v. Putnam Invs., Inc.*, 147 F.3d 7, 9-10 (1st Cir. 1998) (quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 407 (1st Cir. 1987)). *See also Globe Newspaper Co. v. Super. Ct.*, 457 U.S. 596, 606 (1982).

At the Court's direction (Order, Dkt. No. 3), the Government made the Filing by email to chambers rather than by using ECF. But the mode of delivery is irrelevant to the access analysis. *See United States v. Gotti*, 322 F. Supp. 2d 230, 250 (E.D.N.Y. 2004) (common law right attaches to letter sent directly to the judge in regard to sentencing). Whether a submission is a "judicial document" to which the rights of access apply turns not on how it got to the court but on whether "the item filed [is] relevant to the performance of the judicial function and useful in the judicial process . . . ." *Lugosch*, 435 F.3d at 119. Here, the Filing was made, at the Court's request, to set forth the Government's position on whether the Court should unseal papers in the *Wade* case. That is four-square a judicial document.

1. The Common Law Right of Access Requires Unsealing

Once a record is determined to be a judicial document, the common law analysis requires the Court to "determine the weight of that presumption" of access, and finally "balance [any] competing considerations against it." *Lugosch*, 435 F.3d at 119-20 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). That analysis is the same in criminal cases, including for media intervenors. *See Gannett Media Corp. v. United States*, No. 22-2160, 2022 WL 17818626, at *2-3 (2d Cir. 2022) (finding justifications for redactions of court filings insufficient under common law presumption of access).

Because the Filing was submitted confidentially, we do not know what it contains. But this action was commenced precisely to challenge the extraordinary level of sealing that has taken place in the *Wade* case.

Mr. Wade was charged with crimes, prosecuted, and sentenced in an entirely secret proceeding. Subsequently, he was pardoned by the President. The public interest in understanding and monitoring the power of the U.S. Attorney's Office to charge and prosecute and the President to pardon is undeniable. To then cloak this miscellaneous proceeding in secrecy, a proceeding brought by The Times to shed light on the judicial process, is to double down on secrecy and the harm it does to the public's right to know.

Because of the common law's presumption of access, the Filing must be released unless countervailing interests are strong enough to justify withholding and deny the public its presumptive right. *Lugosch*, 435 F.3d at 120. The Government is required now to come forth with appropriate reasons for sealing and to demonstrate that not a single piece of the Filing can be released without harming whatever interests the Government advances as a rationale. To the extent that some part of the Filing is properly confidential, the appropriate remedy is redaction, not wholesale sealing.

2.     The First Amendment Requires Unsealing

The Filing is also subject to a First Amendment right of access, which provides a separate and independent basis for access. Where, as here, judicial documents are sealed, courts are to examine whether the First Amendment right attaches to a document based on the Supreme Court's experience and logic analysis. The experience prong looks to whether the records and processes at issue "have historically been open to the press and general public" and the logic prong examines "whether public access plays a significant positive role in the functioning of the particular process in question." *Press-Enterprise II*, 478 U.S. at 8. Where the First Amendment right of access attaches, the proceedings and records cannot be kept from the public "unless specific, on the record findings are made demonstrating that 'closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* at 13-14 (quoting *Press-Enter. Co. v. Super. Ct. of Calif.* ("*Press-Enterprise I*"), 464 U.S. 501, 510 (1984)).

The constitutional right of access attaches to a wide array of documents that are related to a criminal prosecution, where the public interest in monitoring the Government's power and the courts' fairness is at its pinnacle. *Richmond Newspapers v. Virginia*, 448 U.S. 555, 571 (1980) ("The crucial prophylactic aspects of the administration of justice cannot function in the dark; no community catharsis can occur if justice is done in a corner [or] in any covert manner." (cleaned up)); *Press-Enterprise II,* 478 U.S. at 509 ("Openness thus enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system."); *see also United States v. Suarez*, 880 F.2d 626, 630-31 (2d Cir. 1989). Routinely, motions to unseal are filed publicly and adjudicated in public, consistent with the experience prong of *Press-Enterprise II*. S*ee, e.g., Lugosch*, 435 F.3d at 114; *Sabre Global Techs. LTD v. Hawaiian Airlines*, 22-cv-7395 (VSB), No. 22-7395, 2023 U.S. Dist. LEXIS 147905 (S.D.N.Y. Aug. 21, 2023). And opening such motion practice to the public fits comfortably within the "logic" prong of *Press-Enterprise* because the public's faith in the judicial system comes from seeing first-hand when its presumptive right of access is being upheld or why its rights are being set aside, and knowing that an order affecting a public right is being determined in accordance with the rule of law.

Where the First Amendment applies, it can be overcome only if the demanding *Press-Enterprise* standard is met. *Press-Enterprise I*, 464 U.S. at 510. That is a heavier burden than the one imposed by the common law. *Lugosch*, 435 F.3d at 126. And, as with the common law right, to the extent that the Government is able to show that sealing is "essential to preserve a higher value," only those parts of the Filing that meet that high standard should be withheld.

For all of the foregoing reasons, The Times respectfully requests that the Filing be made public.

We thank the Court for its consideration of this matter.

Respectfully submitted,

*David McCraw*

David E. McCraw

cc: Counsel of Record (by ECF)