

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 18, 2024

**BY ECF**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United States District Courthouse
500 Pearl Street
New York, New York 10007

    Re:  Response to Motion in Case No. 24 Misc. 45 (VSB)

Dear Judge Broderick:

    I write in response to the Court's order dated April 1, 2024, which directed the Criminal Division of the United States Attorney's Office for the Southern District of New York (the "USAO"), to respond by April 19, 2024, to The New York Times's motion to unseal the letter response of the USAO, filed ex parte and under seal, on or about March 11, 2024 (the "USAO's March 11 Letter").  The Government respectfully submits that (1) the USAO's March 11 Letter should be filed with redactions; and that (2) certain judicial records, transcripts, and docket entries in *United States v. Wade,* 06. Cr. 594 (JFK) should remain under seal, consistent with the recommendations set forth in the USAO's March 11 Letter.

    The USAO's March 11 Letter discusses in detail the facts and legal authorities that support continued sealing of certain judicial records in Wade's criminal prosecution.  To be sure, the USAO's March 11 Letter also recommends that most of the judicial records in the Wade matter be unsealed, in particular: (1) the docket, except for certain docket entries; and (2) certain core judicial records, specifically the criminal complaint, the information, and the judgment of conviction.  A copy of the USAO's March 11 Letter that reflects the USAO's proposed redactions is attached here as Exhibit 1.

    Nevertheless, the USAO's March 11 Letter also maintains that any judicial record, document, or docket entry that refers to or would otherwise disclose certain information should remain under seal. As set forth in the USAO's March 11 Letter, the considerations that support maintaining such information under seal exceed the standards for sealing judicial records under either the First Amendment or the qualified common law right of access.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119, 120 (2d Cir. 2006) (holding that First Amendment gives way where there are findings made that maintaining certain records under seal is "essential to preserve higher values and is narrowly tailored to serve that interest"); *United States v. Amodeo*, 71 F.3d

1044, 1050 (2d Cir. 1995) ("Amodeo II") ("countervailing factors" can warrant sealing under common law right of access). Indeed, the USAO respectfully submits that even identifying which "higher values" and which "countervailing factors" it relies upon in support of continued sealing would, in effect, risk disclosing the very information that warrants ongoing protection.

Accordingly, the USAO respectfully requests that the Court accept the redacted version of the USAO's March 11 Letter, attached as Exhibit 1, and otherwise maintain the limited number of judicial records, transcripts, and docket entries identified therein under seal.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

by: _____
Jilan J. Kamal
Assistant United States Attorney
(212) 637-2192