

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 11, 2024

**EX PARTE & UNDER SEAL**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United States District Courthouse
500 Pearl Street
New York, New York 10007

      Re:  Response to Motion in Case No. 24 Misc. 45 (VSB)

Dear Judge Broderick:

      I write in response to the Court's orders of January 31, 2024, and February 26, 2024, which directed the Criminal Division of the United States Attorney's Office for the Southern District of New York (this "Office") to inform the Court of the Office's position on the pending motion brought by the New York Times to unseal the judicial records in *United States v. Christopher Wade*, Case No. 06 Cr. 24 (JFK).  (*See* Dkt. No. 24 Misc. 45 (VSB), ECF No. 3).  The entire docket is currently maintained under seal.

      As set forth in more detail below, the Government takes the position that (1) the docket should be largely unsealed, with the exception of any docket entries that reveal ███████████████; (2) certain documents—specifically the criminal complaint, the information, and the judgement of conviction—should be unsealed; and (3) ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**Background**

      ██████████████████████████████████████ in 2006 the defendant and two others were charged with spamming, in violation of 18 U.S.C. 1037(a)(2), (a)(3) and (b)(2)(C). Wade, an Australian national, was arrested in Dallas, Texas.  At that he was a 22-year-old computer programmer ████████████████████████████ to an Information that charged him in six counts with conspiracy to commit spamming, spamming, conspiracy to commit access device fraud, attempted access device fraud, and unauthorized computer access. ████████████████████████████████████████████████



In 2011, Wade was sentenced to time served and two years of probation.

In 2020, the defendant received a pardon from President Trump. The publicly available "Executive Grant of Clemency" states that Wade received the pardon "for his conviction in the United States District Court for the Southern District of New York in sealed Docket No. 06-cr-594."[2] A press release issued by the White House on or about December 23, 2020, states that "Wade's pardon is supported by Isaac Perlmutter, Mark Templeton, and numerous current and former law-enforcement officials. Mr. Wade served two years' probation after pleading guilty to various cyber-crimes. Since his conviction, he has shown remorse and sought to make his community a safer place."[3] Both the Executive Grant of Clemency and the press release are publicly available.



---

[2] See Executive Grant of Clemency, attached hereto as Exhibit 2, available publicly at https://www.justice.gov/file/1349081/download, last accessed March 11, 2024.

[3] See Statement from the Press Secretary Regarding Executive Grants of Clemency, issued December 23, 2020, attached hereto as Exhibit 3, available publicly at https://trumpwhitehouse.archives.gov/briefings-statements/statement-press-secretary-regarding-executive-grants-clemency-122320/, last accessed March 11, 2024.

███████████████████████████████

## Applicable Law

a. <u>Standard for Sealing</u>

This Circuit recognizes a "qualified First Amendment right" to access judicial documents and proceedings and a presumptive right of access to judicial documents under the common law. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119, 120 (2d Cir. 2006). Documents or proceedings may be sealed, however, if the court finds that sealing is necessary to preserve "higher values," in the First Amendment context, or that there are "countervailing factors," under the common law framework. *See United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*"). The decision to grant access is typically left to the sound discretion of the trial court based on "the relevant facts and circumstances of the particular case." *United States v. Eastern Air Lines, Inc.*, 923 F.2d 241, 245 (2d Cir. 1991) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)); *see also Amodeo II*, 71 F.3d 1044,1053 (noting that the district court was "in the best position to weigh the factors").

To determine whether a First Amendment right of access applies to a particular proceeding or filing, a court should consider: (i) whether the proceeding or document has "historically been open to the press and general public," commonly referred to as the "experience" prong; and (ii) whether "public access plays a significant positive role in the functioning of the particular process in question, commonly referred to as the "logic" prong. *Press-Enter. Co. v. Superior Court of Cal.*, 478 U.S. 1, 8-9 (1986) ("*Press-Enter. II*"). Applying this test, the Second Circuit has held that the First Amendment right of access applies to, inter alia, plea hearings, sentencing hearings, and "judicial documents" in criminal cases. *See, e.g., United States v. Aref*, 533 F.3d 72, 81-82 (2d Cir. 2008); *United States v. Alcantara*, 396 F.3d 189, 191-92 (2d Cir. 2005); *United States v. Haller*, 837 F.2d 84, 86 (2d Cir. 1988). If the court finds a First Amendment right of access, the documents may be sealed if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 239 (2d Cir. 2014) (quoting *Lugosch*, 435 F.3d 110, 120).

To determine whether there is a common law right of access to certain documents, a court should: (i) determine if the document is a "judicial document," (ii) evaluate the weight of the presumption of access attached to that document; and (iii) balance the countervailing interests against the presumption. *See Lugosch*, 435 F.3d at 119-20. A "judicial document" is one that is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. "The weight to be given to the presumption of access is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Erie Cty.*, 763 F.3d 235, 239 (quoting *Amodeo II*, 71 F.3d at 1049). The court must then balance "competing considerations against disclosure," and if the competing interests outweigh the presumption of access, sealing is appropriate. Id. (quoting *Lugosch*, 435 F.3d at 120).

Whether under the First Amendment or the common law, the Second Circuit has consistently recognized several "higher values" or "countervailing factors" that outweigh the presumptive right of access. Documents may be filed and maintained under seal, among other things, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

b. Discussion

As set forth above, the Government agrees that the defendant's docket should be unsealed in large part. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

The New York Times seeks the unsealing of "the docket" and "all other judicial records" in the above-captioned case. The New York Times learned of Wade's pardon, presumably, through the White House's public statements in 2020 regarding the defendant's pardon and the general nature of the charges. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Accordingly, given these facts and the legal standards set forth above, the Government agrees that the defendant's docket should, in large part, be unsealed. Materials that should be unsealed include the criminal complaint, the information, docket entries reflecting the defendant's transfer to the district, and the judgment of conviction.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



The Government's approach, which seeks to maintain under seal just those documents and docket entries that ▮▮▮▮▮ is narrowly tailored to preserve ▮▮▮▮▮ set forth above. For the foregoing reasons, the Government respectfully submits that the docket and judicial records in the above-captioned case should be unsealed consistent with the Government's recommendations. In addition, given the detailed discussion of ▮▮▮▮▮ he Government respectfully requests that the Court maintain this letter under seal and that the Court make specific findings in support of its decision.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

by: /s/ Jilan J. Kamal
Jilan J. Kamal
Assistant United States Attorney
(212) 637-2192