

David E. McCraw
Senior Vice President
& Deputy General Counsel

T 212 556 4031
mccraw@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

October 1, 2024

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
United States District Courthouse
500 Pearl Street
New York, New York 10007

Re:   *In re: The New York Times Company*, 24-mc-45

Dear Judge Broderick:

I am counsel to The New York Times Company ("The Times") in the above-referenced matter. I write to respectfully request that the Court expedite the unsealing of certain records that the Government agrees should be unsealed, as set forth in the Government's submission to the Court in April. With the election just weeks away, time has become of the essence. The Government takes no position on this request for an expedited release.

As the Court will recall, The Times seeks the unsealing of records in *United States v. Wade*, No. 06-cr-594—a completely sealed case in which the defendant was subsequently pardoned by President Trump in 2020. Mr. Trump has already announced his intentions to use the pardon power broadly if he is re-elected.[1] The documents sought here will help Times journalists in their reporting on how Mr. Trump used

---

[1] *See, e.g.*, Simon J. Levien, *Trump Says He Would Pardon Jan. 6 Rioters Who Attacked Police*, N.Y. Times (July 31, 2024), https://www.nytimes.com/2024/07/31/us/politics/trump-jan-6-pardons-nabj.html.

the pardon power during his first term—information that voters should have before the election next month.

Our only request at this point is that the Court expedite the unsealing of records that the Government has already said can be released. The Government told the Court on April 18, 2024 that "most of the judicial records in the Wade matter [should] be unsealed, in particular: (1) the docket, except for certain docket entries; and (2) certain core judicial records, specifically the criminal complaint, the information, and the judgment of conviction." ECF No. 9. To be specific, we ask for the expedited unsealing of (a) the complaint, (b) the information, (c) the judgment of conviction, and (d) as much of the docket as the Government deems releasable. While motion practice over other sealed documents may be necessary in the future, only these narrow categories of documents are encompassed in our request for expedited release. Expedited unsealing is warranted not only because the parties agree that these documents should be unsealed but also to further "the importance of immediate access where a right to access is found." *Lugosch v. Pyramid Co.*, 435 F.3d 110, 126 (2d Cir. 2006).

We thank the Court for its consideration of this matter.

Respectfully submitted,

*David McCraw*

David E. McCraw